```
┌─────────────────────────────┐
│ USDS SDNY                   │
│ DOCUMENT                    │
│ ELECTRONICALLY FILED        │
│ DOC #: _____        │
│ DATE FILED: _____   │
└─────────────────────────────┘
```

**Duane Morris**

FIRM and AFFILIATE OFFICES

NEW YORK
LONDON
SINGAPORE
LOS ANGELES
CHICAGO
HOUSTON
HANOI
PHILADELPHIA
SAN DIEGO
SAN FRANCISCO
BALTIMORE
BOSTON
WASHINGTON, DC
LAS VEGAS
ATLANTA
MIAMI
PITTSBURGH
NEWARK
WILMINGTON
PRINCETON
LAKE TAHOE
HO CHI MINH CITY

JOSEPH M. BURTON
DIRECT DIAL: 415.957.3014
PERSONAL FAX: 415.957.3001
E-MAIL  jmburton@duanemorris.com

www.duanemorris.com

## MEMO ENDORSED

March 28, 2008

**BY FACSIMILE & U.S. MAIL**
The Honorable Kenneth M. Karas
United States District Judge
United States District Court
300 Quarropas Street, Room 533
White Plains, NY 10601

Re:   **United States v. Charles Wells; Case No. 07 CR 225-01 (KMK)**

Dear Judge Karas:

     I am writing to request that pursuant to Rule 36, Federal Rules of Criminal Procedure you correct or clarify the written Judgment in the above entitled case, which was filed on March 14, 2008.

     At Mr. Wells' sentencing, which was held on February 27, 2008, it was my understanding, and is my belief, that the Court intended to impose a sentence whereby Mr. Wells would serve a sentence of six months of home confinement followed by a period of supervised release. It was further my understanding that the home confinement being served as part of his supervised release would be credited to and satisfy the sentence of six months home confinement imposed by the Court. In short, it was my understanding that Mr. Wells would serve a *total* period of home confinement of six months.

     Immediately (within two days) after his sentencing Mr. Wells reported to the Probation office closest to his home near Dallas, Texas. He was told that they would have to await receipt of the Judgment before beginning formal supervision. Upon receipt of the Judgment, Mr. Wells (and subsequently the undersigned counsel) was told by the Texas Probation Office that in light of their reading of the Judgment, Mr. Wells would first have to report to the Bureau of Prisons to serve an initial six months of home confinement, and would thereafter fall under the jurisdiction of the Probation Department where he would serve *an additional six months* of home confinement as part of his three year period of supervised release. This would of course result in a total period of home confinement of 1 year.

     While the Judgment (attached hereto), as written could be fairly interpreted in the manner expressed by the Probation Department, I do not believe that the Probation Department's

DUANE MORRIS LLP

ONE MARKET, SPEAR TOWER, SUITE 2000   SAN FRANCISCO, CA 94105-1104          PHONE 415.957.3000   FAX 415.957.3001

# DuaneMorris

The Honorable Kenneth M. Karas
March 28, 2008
Page 2

interpretation is what was intended by the Court. I therefore respectfully request that the Court correct the written Judgment to clarify its intent that Mr. Wells be sentenced to a total home confinement period of six months and that supervision of his home confinement is to be conducted by the Probation Department.

    I have spoken with Assistant United States Attorney Danya Perry about these issues and she concurs in my understanding of the Court's intent as expressed at the sentencing hearing. She is also aware of my intent to correspond with the Court in this regard.

    Thank you for your consideration of this matter. I of course remain available and more than willing to provide the Court with any additional information or assistance.

Respectfully,

*Joseph M Burton*

Joseph M. Burton

cc: Ms. Danya Perry

DM1\1314313.1

---

*Handwritten note:*

Mr. Burton is correct. The Court imposed a sentence of six months, but specifically ordered that such a sentence could be served through a 6-month period of home confinement as a condition of supervised release. No BOP facility should be involved and there is to be only one six-month period of home confinement.

SO ORDERED

KENNETH M. KARAS U.S.D.J.
4/2/08

03/28/2008 13:04 FAX 4159573001    DUANE MORRIS SF                                @004
Case 7:07-cr-00225-KMK    Document 20    Filed 04/02/2008    Page 3 of 8
Case 7:07-cr-00225-KMK    Document 19    Filed 03/14/2008    Page 1 of 6

AO 245B    (Rev 06/05) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

SOUTHERN    District of    NEW YORK

UNITED STATES OF AMERICA
v.
Charles Wells

**JUDGMENT IN A CRIMINAL CASE**

Case Number:    07 CR 225 (KMK)

USM Number:    Unknown

Joseph M. Burton, Esq.
Defendant's Attorney

**THE DEFENDANT:**

X pleaded guilty to count(s)    1

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC 1344 | Bank Fraud | May, 2005 | 1 |

The defendant is sentenced as provided in pages 2 through ___6___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is  ☐ are  dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

February 27, 2008
Date of Imposition of Judgment

Signature of Judge

Hon. Kenneth M. Karas, U.S.D.J.
Name and Title of Judge

March 5, 2008
Date

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

AO 245B (Rev 06/05) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page 2 of 6

DEFENDANT: Charles Wells
CASE NUMBER: 07 CR 225 (KMK)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

6 months (to be served as home confinement)

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____ ☐ a.m. ☐ p.m on _____

  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before 2 p.m. on _____

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev 06/05) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page **3** of **6**

DEFENDANT:    Charles Wells
CASE NUMBER:    07 CR 225 (KMK)

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

3 years (6 months of home confinement)

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

X   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

X   The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B  (Rev 06/05) Judgment in a Criminal Case
Sheet 3A — Supervised Release

Judgment—Page __4__ of __6__

DEFENDANT: Charles Wells
CASE NUMBER: 07 CR 225 (KMK)

## ADDITIONAL SUPERVISED RELEASE TERMS

Mandatory Drug Testing is Suspended.

The Defendant will comply with the conditions of home confinement for the period of six (6) months under the strict supervision of the Probation Department. During this time the Defendant will remain at his residence at all times and will not leave except for employment or when such leave is approved in advance by the Probation Department. The Defendant will maintain a telephone at his residence without call forwarding, a modem, caller I.D., call waiting, or portable cordless telephone for the above period. At the direction of the Probation Officer, the Defendant shall wear an electronic monitoring device and follow electronic monitoring procedures specified by your Probation Officer. Home Confinement shall commence on a date to be determined by the Probation Officer. If so directed, you shall pay the cost of electronic monitoring

It is recommended that the Defendant is to be supervised by the district of residence.

Defendant shall pay a Fine in the amount of $7,500.00 in monthly installments of $1,250.00 for six (6) months.

The Defendant will pay a special assessment in the amount of $100.00.

03/28/2008 13:05 FAX 4159573001      DUANE MORRIS SF                               ☒008
Case 7:07-cr-00225-KMK    Document 20    Filed 04/02/2008    Page 7 of 8

AO 2450    (Rev. 06/05) Judgment in a Criminal Case
Case 7:07-cr-00225-KMK    Document 19    Filed 03/14/2008    Page 5 of 6
Sheet 5 — Criminal Monetary Penalties

                                                                          Judgment — Page   5   of  6

DEFENDANT:          Charles Wells
CASE NUMBER:        07 CR 225 (KMK)

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | **Assessment** | **Fine**    | **Restitution** |
|--------|----------------|-------------|-----------------|
| TOTALS | $ 100.00       | $7,500.00   | $               |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|-------------------|-----------------|-------------------------|----------------------------|
|                   |                 |                         |                            |

| TOTALS | $ | $0.00 | $ | $0.00 |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the      ☐ fine    ☐ restitution.

    ☐ the interest requirement for the      ☐ fine    ☐ restitution is modified as follows:

---

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
           Sheet 6 — Schedule of Payments

Judgment — Page __6__ of __6__

DEFENDANT: Charles Wells
CASE NUMBER: 07 CR 225 (KMK)

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A  X  Lump sum payment of $ __100.00__ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance    ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

B  ☐  Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

C  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  X  Special instructions regarding the payment of criminal monetary penalties:

    Defendant shall pay a fine in the amount of $7,500.00 in monthly installments of $1,250.00 for six (6) months.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.